EXHIBIT

**2**

STATE OF NORTH DAKOTA

COUNTY OF WILLIAMS

IN DISTRICT COURT

NORTHWEST JUDICIAL DISTRICT

| | |
|---|---|
| Kody Tipton,<br><br>Plaintiff,<br><br>vs.<br><br>Nabors Drilling USA, Inc., Nabors Drilling USA LP, Nabors Drilling Technologies USA, Inc., Oasis Petroleum Inc., Oasis Petroleum, LLC, Oasis Petroleum North America LLC, and Oasis Petroleum Marketing, LLC, ·<br><br>Defendants. | Civil No._____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Kody Tipton, by and through his undersigned counsel to allege and show the Court as follows:

### Parties

[¶1]   Plaintiff Kody Tipton ("Tipton") is citizen of the United States and a resident of North Dakota.

[¶2]   Defendant Nabors Drilling USA, Inc., and/or its subsidiaries Nabors Drilling USA LP, Nabors Drilling Technologies USA, Inc., for all or each of whom it is alleged and believed Nabors Drilling USA, Inc. is a holding company (herein collectively referred to as "Nabors"). Nabors is a Texas company with its principal place of business in Texas and was conducting business in the State of North Dakota at all relevant times referenced hereto.

[¶3]   Defendant Oasis Petroleum, Inc. and/or its subsidiaries Oasis Petroleum, LLC, Oasis Petroleum North America LLC, and Oasis Petroleum Marketing, LLC, for all or each of whom it is alleged and believed Oasis Petroleum, Inc. is a holding company (herein collectively referred to as "Oasis"). Oasis is a Texas company with its principal place of business in Texas and was conducting business in the State of North Dakota at all relevant times referenced hereto.

Schweigert, Klemin, & McBride, P.C.         - 1 -         Complaint & Demand for Jury Trial
Attorneys for Plaintiff

## Jurisdiction and Venue

[¶4]   Pursuant to Rule 4(b) of the North Dakota Rules of Civil Procedure, this Court has personal jurisdiction over all the named defendants.

[¶5]   Pursuant to Section 27-05-06 of the North Dakota Century Code, this Court has subject matter jurisdiction over this matter.

[¶6]   Pursuant to Section 28-04-05 of the North Dakota Century Code, the venue of this action is proper.

## Facts

[¶7]   Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶8]   The following facts as described herein occurred on an oil well ("Well") near Williston, in Williams County, North Dakota on October 24, 2018.

[¶9]   Tipton was working for Noble Casing, Inc. ("Noble Casing") as a laborer. Noble Casing is a company that installs well casing inside wellbores during the exploration of natural resources. Noble Casing was contracted by Oasis and Nabors to provide casing services for the construction of the Well.

[¶10]   On the Well was a drilling rig and pipe wrangler ("wrangler") that was owned and operated by Nabors. The casing pipe was loaded into the wrangler arm, then the arm would take the casing pipe up and present one end of the casing pipe to Tipton and the workers on the rig floor of the drill. Then Tipton and another worker would attach the rig elevators to the end of the casing. The Nabors employee operating the rig elevators would then pull the casing pipe off the wrangler arm and suspend the casing pipe over the wellbore. Tipton would then remove the thread protector from the bottom of the suspended casing pipe. Then another employee would attach the power tongs to the suspended casing to apply torque and attach it to the casing already in the wellbore. Once attached to the existing casing in the well bore, the top drive of the drill pushes the string of casing down into the wellbore. While the power tongs and top drive are being used as described

Schweigert, Klemin, & McBride, P.C.          - 2 -          Complaint & Demand for Jury Trial
Attorneys for Plaintiff

herein, Tipton would take the thread protector back to the edge of the drilling rig and prepare for the next casing pipe to be brought up by the wrangler.

[¶11]   The wrangler also had an attached bucket that moved up and down independent of the wrangler arm. The wrangler operator controlled the bucket to move it up to the rig floor to collect the thread protectors being removed by Tipton as described above. The bucket had to be moved relatively close to the rig floor so that Tipton did not have to throw the thread protectors from the elevated rig floor to the bucket. Once the thread protectors were placed in the bucket, the wrangler operator moved the bucket down to ground level for another worker to unload the thread protectors to be reused on other casing pipes.

[¶12]   The wrangler was controlled by a mobile control box. The purpose of having a mobile control box was to enable the operator to move around and watch for various pinch points while simultaneously operating the wrangler. The control box being mobile was a safety feature of the wrangler that was intended to protect everyone working with and around the wrangler.

[¶13]   On the day on the incident, a Nabor's employee was operating the wrangler exclusively from the doghouse. The doghouse is a shed-like structure located on the rig floor of the drill. Between the doghouse and Tipton stood drilling pipe that was racked in a vertical position on the drill floor. It is alleged and believed that the wrangler operator's view of Tipton and Tipton's workspace was obstructed by the drill pipe. Nonetheless, the wrangler operator continued to stay in the doghouse and operate the wrangler. As the wrangler operator moved the bucket up to collect the thread protectors from Tipton, the operator left the bucket several feet away from the floor. Tipton waited to see if the wrangler operator would bring the bucket closer. When the bucket was not brought closer, Tipton moved towards the drill pipe to an area visible by the wrangler operator to give a hand signal. When Tipton was between the bucket and drill pipe, the wrangler operator moved the bucket towards the rig floor and pinned Tipton to the drill pipe.

[¶14]   It is alleged and believed that at all relevant times referenced hereto, Oasis had a representative referred to as a company man on location whose obligation among others was to

Schweigert, Klemin, & McBride, P.C.          - 3 -          Complaint & Demand for Jury Trial
Attorneys for Plaintiff

ensure all safety policies were complied with and that work being performed by employees of various contractors was done in a manner that was safe for all on location, and its representatives knew or should have known the wrangler was being operated in the manner described above. It is further alleged and believed that the described operation of the wrangler violated applicable safety rules and regulations. Oasis and its representatives did not enforce those safety rules and regulations on the Well site on the day of the accident.

[¶15] Tipton suffered injuries and damages and described below.

## Count 1: Negligence – Nabors

[¶16] Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶17] Nabors owed a general duty of care to conduct itself in a reasonable manner that would not harm or pose a risk of harm to other workers on the Well site. Nabors owed a duty of care to follow all industry standards and all safety rules and regulations that applied to all aspects of their work on the Well site. Nabors owed a duty of care to operate the wrangler in a safe manner and in accordance with all safety instructions and manuals for operating the wrangler.

[¶18] Nabors breached its duties of care when it operated the wrangler in a negligent and careless manner as described herein. Nabor's negligent and careless operation of the wrangler posed an unreasonable risk of harm to all workers on the Well site. Nabor's operation of the wrangler as described herein violated applicable safety rules, regulations, manuals, and instructions for operating the wrangler.

[¶19] As a direct and proximate cause of Nabor's breach of duties as alleged herein it caused injuries and damages to Tipton. But for Nabor's negligent and careless operation of the wrangler Tipton would not have been injured. Tipton's injuries were a foreseeable consequence of Nabor's negligent and careless operation of the wrangler.

[¶20] Tipton suffered severe bodily injuries and damages as described below.

Schweigert, Klemin, & McBride, P.C.    - 4 -    Complaint & Demand for Jury Trial
Attorneys for Plaintiff

## Count 2: Negligence – Oasis

[¶21]   Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶22]   Oasis and its representative owed a duty to provide a safe workplace for all workers on the Well site. Oasis and its representative owed a duty of care to implement, enforce, and follow all industry safety rules, regulations and standards.

[¶23]   Oasis and its representative breached its duties of care when it negligently and carelessly allowed Nabors to operate the wrangler in an unsafe manner on the Well site. Oasis and its representative failed to ensure the wrangler was being operated in a safe manner.

[¶24]   As a direct and proximate cause of Oasis and its representative's breach of duties as described herein, Tipton was injured. But for Oasis and its representative's actions and allowance of the wrangler to be operated in a negligent manner on the Well site as described herein, Tipton would not have been injured. Tipton's injuries were a foreseeable consequence of Oasis and its representative's breach of duties.

[¶25]   Tipton suffered severe bodily injuries and damages as described below.

## Count 3: Premises Liability – Oasis

[¶26]   Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶27]   Oasis controlled the Well site and the work being conducted thereon. Oasis thereby owed a duty of care to all workers on the Well site to provide a safe workplace.

[¶28]   Oasis was negligent in its control over the Well site. Oasis failed to provide a safe workplace, misled all users of the property as to the ability to safely work on and around the drilling rig and the wrangler.

[¶29]   As a direct and proximate cause of Oasis' negligence described herein, Tipton was injured. But for Oasis failing to provide adequate control and supervision over the Well site, Tipton

would not have been injured. Tipton's injuries were a foreseeable consequence of Oasis' negligence alleged herein.

[¶30]   Tipton suffered sever bodily injuries and damages as described below.

### Count 4: Imputed Negligence, Vicarious Liability, Respondeat Superior – Oasis

[¶31]   Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶32]   Oasis is vicariously liable for the tortious acts of its contractors and subcontractors and representative who failed to ensure the wrangler was being operated in a safe manner

### Damages

[¶33]   Plaintiff incorporates and realleges all previous paragraphs of this Complaint as if fully alleged herein.

[¶1]   As a direct and proximate cause of the Defendants' tortious actions as described above, Tipton suffered and will in the future continue to suffer serious and permanent economic and non-economic damages including loss of wages, medical expenses, loss of enjoyment in life, pain, suffering, mental anguish, impairment and disability, in a reasonable sum, but not less than $50,000.00.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. That Plaintiff be awarded past and future economic damages in such proper compensatory amounts as will be proven at trial;

2. That Plaintiff be awarded a reasonable sum of past and future noneconomic damages in an amount to be shown and proven at trial, but not less than $50,000.00;

3. That Plaintiff be awarded interest on his damages at the statutory rate; and

4. That Plaintiff be awarded his attorney's fees, costs, and disbursements, together with such other relief as the Court deems just and equitable.

Dated this 20th day of January, 2022.

SCHWEIGERT, KLEM IN, & McBRIDE, P.C.
116 North 2nd Street
P.O. Box955
Bismarck, North Dakota 58502-0955
P: (701) 258-8988
F: (701) 258-8486
Attorneys for Plaintiff

By:

David D. Schweigert
ND Sate Bar ID# 05123
dschweigert@bkmpc.com

Cody J. Nichols
ND State Bar ID# 09141
cnichols@bkmpc.com

**DEMAND FOR TRIAL BY JURY**

A trial by jury of nine persons is hereby demanded on all issues.

Dated this ___ day of January, 2022.

SCHWEIGERT, KLEM IN, & McBRIDE, P .C.
116 North 2nd Street
P.O. Box955
Bismarck, North Dakota 58502-0955
P: (701) 258-8988
F: (701) 258-8486
Attorneys for Plaintiff

By:

David D. Schweigert
ND Sate Bar ID# 05123
dschweigert@bkmpc.com

Cody J. Nichols
ND State Bar ID# 09141
cnichols@bkmpc.com